FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JAN 21  PH 12: 21

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT P. HOWARD, #198806          *
                    Plaintiff,
        v.                         *    CIVIL ACTION NO. JKB-14-867

WEXFORD HEALTH SERVICES, INC.      *
                    Defendant.
                                   *****

## MEMORANDUM

### I.    Procedural History

Robert P. Howard ("Howard"), presently housed at the Eastern Correctional Institution ("ECI"), filed a 42 U.S.C. § 1983 civil rights complaint against Wexford Health Services, Inc. (Wexford"). He states that after he was diagnosed with hepatitis C in September of 2012, he was placed on a 48-week regimen of medication to fight the virus. Howard claims that instead of receiving his prescribed medication, he was given a daily "lethal" dose of "Ribovirin" resulting in severe physical damage to his lungs, face, and scalp; damage to his autoimmune system; and serious anemia. ECF No. 1. He seemingly alleges that after the medical problems were discovered, the medication was discontinued. Howard seeks punitive and compensatory damages for the alleged overdose of medication. *Id.*

### II.   Pending Motions

Defendant has filed a motion to dismiss. ECF No. 9. Plaintiff has filed an opposition to which defendant has filed a reply. ECF Nos. 16 & 18. In addition, Howard has filed a motion to appoint counsel. ECF No. 17. For reasons to follow, defendant's motion shall be granted and the complaint shall be dismissed. *See* Local Rule 105.6 (D. Md. 2014).

III. Standard of Review

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint. *See Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

At this stage, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Because plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating the complaint, the court need not accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), nor must it agree with legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusional factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] ... that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Thus, "[d]etermining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

IV. Discussion

Defendant argues that federal jurisdiction over the complaint does not exist, inasmuch as plaintiff has only raised claims sounding in medical negligence and plaintiff does not provide a factual basis in support of an Eighth Amendment claim. It further asserts that Howard cannot establish *respondeat superior* liability on Wexford. After review of the briefing submitted by the parties, the court concurs.

No claims may be raised against Wexford, which is a corporate entity and cannot be held liable under 42 U.S.C. § 1983. Principles of municipal liability under § 1983 apply equally to a private corporation. Therefore, a private corporation is not liable under § 1983 for actions allegedly committed by its employees when such liability is predicated solely upon a theory of *respondeat superior*. *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727-28 (4th Cir. 1999); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *Clark v. Maryland Dep't of Public Safety and Correctional Services*, 316 F. App'x 279, 282 (4th Cir. 2009).

Further, plaintiff asserts federal jurisdiction of this action under 28 U.S.C. § 1343, which confers jurisdiction on the federal district courts over any civil action to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States. *See* 28 U.S.C. § 1343(a)(3).

To the extent he invokes such a jurisdictional basis as an Eighth Amendment claim, Howard provides no facts indicating he was denied access to medical care for his hepatitis C virus; rather, he claims that unnamed healthcare personnel incorrectly over-medicated him with a high dose of Ribavirin.[1]

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that healthcare officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995).   Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted.   First, he must allege a sufficiently serious medical need. *See, e.g., Cooper v. Dyke*, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." *Gamble*, 429 U.S. at 106; *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). The prisoner must demonstrate that a defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id.* (citations omitted).   Here,

---

[1]     Ribavirin is used with an interferon medication to treat hepatitis C in people who have not been treated with an interferon before. Ribavirin is in a class of antiviral medications called nucleoside analogues. It works by stopping the virus that causes hepatitis C from spreading inside the body. It is not known if treatment that includes ribavirin and another medication cures hepatitis C infection, prevents liver damage that may be caused by hepatitis C, or prevents the spread of hepatitis C to other people. www.nlm.nih.gov/medlineplus/druginfo/meds/a605018.html

plaintiff's central allegation that he received an overdose of Ribavirin medication for an unspecified period of time amounts at worst to negligence or medical malpractice. Hence, taking plaintiff's allegations as true, the Court concludes no Eighth Amendment claim will lie for the harm he asserts. *Gamble*, 429 U.S. at 106. Howard's naked assertion that his receipt of the increased dosage of Ribavirin amounted to "deliberate indifference" does not pass muster under *Twombly*, 550 U.S. at 55. Accordingly, Howard's claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## V. Conclusion

In the absence of Howard's naming a defendant subject to § 1983 liability or setting out a viable claim under § 1983, the cause of action shall be dismissed.[2] A separate Order shall be entered reflecting the opinion set out herein.

Date: January 20 2015

James K. Bredar
United States District Judge

---

[2]     In light of this decision, Howard's motion for appointment of counsel shall be denied.